```
 1  Thomas S. Ingrassia, Esq., SBN 149673
    Ryan H. Nell, Esq., SBN 284648
 2  Shannon R. Finley, Esq., SBN 294329
    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
 3  11622 El Camino Real, Suite 300
    San Diego, CA 92130
 4  Telephone: (858) 755-8500
    Facsimile: (858) 755-8504
 5  E-mail: tingrassia@pettitkohn.com
            rnell@pettitkohn.com
 6          sfinley@pettitkohn.com

 7  Attorneys for Defendant
    **DIAKON LOGISTICS**
 8
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN MORALES, individually and behalf of others similarly situated and the general public; RICHARD CONTRERAS, individually and behalf of others similarly situated and the general public; and JUAN GONZALES, individually and behalf of others similarly situated and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> JEROME'S FURNITURE WAREHOUSE, a California corporation, DIAKON LOGISTICS (DELAWARE) INC., a Delaware Corporation, and DOES 1-100, <br><br> Defendants. | CASE NO.: **'18CV1662 BEN AGS** <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b)** <br><br> Courtroom: <br> District Judge: <br> Magistrate Judge: <br> Complaint Filed: June 12, 2017 <br> Trial Date: |

///
///
///
///
///
///
///

2047-2282

NOTICE OF REMOVAL OF ACTION
CASE NO.

# TABLE OF CONTENTS

**Page**

I. JURISDICTION UNDER 28 U.S.C. SECTION 1332 (d)(2) ..........................4
   A. Citizenship of the Parties................................................................4
   B. Case is a Class Action ...................................................................5
   C. Number of Class Members Exceeds 100 ......................................5
   D. Amount in Controversy..................................................................6
   E. Consent of Co-Defendant Jerome's ............................................10
   F. Timeliness of Removal.................................................................10

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Abrego v. Dow Chem. Co.*
 (9th Cir. 2006) 443 F.3d 676 .................................................................. 7

*Kruso v. International Telephone & Telegraph Corp.*,
 872 F.2d 1416 (9th Cir. 1989) ................................................................ 4

*Kuxhausen v. BMW Financial Services NA LLC*
 707 F.3d 1136 (9th Cir. 2013) .............................................................. 10

*Lewis v. Verizon Communications, Inc.*,
 627 F.3d 395 (9th Cir. 2010) .................................................................. 6

*Sanchez v. Monumental Life Ins. Co.*
 (9th Cir. 1996) 102 F.3d 398 .................................................................. 7

*Stafford v. Brinks Inc.*
 2014 U.S. Dist. LEXIS 184700, 2014 WL 10320456
 (C.D. Cal. May 28, 2014) ....................................................................... 9

**Statutes**

28 U.S.C. § 1332 (d) ............................................................................. 4, 5

28 U.S.C. § 1441 (a) and (b) ..................................................................... 4

28 U.S.C. § 1446(b)(3) ..................................................................... 10, 11

28 U.S.C. § 1453(b). .................................................................... 5, 10, 11

Bus. & Prof. Code, § 17200 ....................................................................... 2

Code Civ. Proc., § 1013(a) ........................................................................ 3

Code Civ. Proc., § 382 ............................................................................... 5

Lab. Code, § 203 ........................................................................................ 8

Lab. Code, § 226.8 ..................................................................................... 7

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

Defendant DIAKON LOGISTICS ("Defendant") hereby gives notice of the removal of the above-entitled action from the Superior Court of the State of California, San Diego, Case No. 37-2017-00020994-CU-OE-CTL to the United States District Court, Southern District of California and states as follows:

1. On June 12, 2017 a class action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled *Adan Morales v. Jerome's Furniture Warehouse, et al.*, Case Number 37-2017-00020994-CU-OE-CTL ("the First State Action"). The complaint for the First State Action alleged nine causes of action against Defendants Jerome's Furniture Warehouse and Diakon Logistics including: (1) misclassification of an employee; (2) failure to pay compensation for all hours worked; (3) failure to pay overtime compensation; (4) waiting time penalties; (5) unauthorized deductions; (6) failure to reimburse business expenses; (7) California record-keeping provisions; (8) unfair business practices; and (9) the Private Attorneys General Act. The class was defined as "All persons who worked as Deliverer-drivers and Helpers at any of Defendant Jerome's Furniture Warehouse's locations in California at any time within four (4) years prior to the filing of this Complaint until the final judgment." A Copy of the complaint for the First State Action is attached hereto as Exhibit 1. Declaration of Shannon Finley ("Finley Dec."), ¶ 3.

2. On September 7, 2017 a second class action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled *Richard Contreras and Juan Gonzales v. Diakon Logistics; Jerome's Furniture Warehouse, et al.*, Case Number 37-2017-00033155-CU-OE-CTL ("the Second State Action"). The complaint for the Second State Action alleged eight causes of action against Defendants Diakon Logistics and Jerome's Furniture Warehouse including: (1) failure to pay required wages; (2) failure to pay overtime

wages; (3) failure to pay meal period premium pay; (4) failure to pay rest break premium pay; (5) failure to provide wages – recovery of waiting time penalties; (6) failure to provide accurate wage statements; (7) violations of California Business & Professions Code section 17200 et seq.; and (8) conversion. The "Diakon class" was defined as "All current and former drivers who performed delivery and related services for Diakon in California." The "Jerome's Class was defined as "All current and former drivers who performed delivery and related services for Jerome's in California." A copy of the complaint for the Second State Action is attached hereto as Exhibit 2. Finley Dec., ¶ 4.

3. On September 27, 2017, a first amended complaint in the Second State Action was filed. The first amended complaint added a ninth cause of action: the Private Attorneys' General Act. A copy of the first amended complaint for the Second State Action is attached hereto as Exhibit 3. Finley Dec., ¶ 5.

4. On or about February 1, 2018, Defendants and Plaintiffs in the First State Action and the Second State Action stipulated to consolidate the two class action lawsuits as they had substantial overlap in parties and claims. Finley Dec., ¶ 6. A copy of the minute order regarding the consolidation of the cases is attached hereto as Exhibit 4. Finley Dec., ¶ 7. While the Court ordered Plaintiffs to provide a proposed order consolidating the cases, they failed to do so. Finley Dec., ¶ 8.

5. On or about April 27, 2018, Defendants stipulated to permit the Plaintiffs to file a Consolidated Class Action Complaint, and the Court ordered that Plaintiffs file a Consolidated Class Action Complaint by May 4, 2018. Finley Dec., ¶ 9. A copy of the minute order regarding the consolidation of the cases and filing of the Consolidated Class Action Complaint is attached hereto as Exhibit 5. Finley Dec., ¶ 10.

6. On or about June 26, 2018, Defendant was served with a copy of the Amended / Consolidated Class Action Complaint filed in the Superior Court of the State of California in and for the County of San Diego, entitled *Adan Morales,*

*Richard Contreras, and Juan Gonzales v. Jerome's Furniture Warehouse, Diakon Logistics, et al.*, Case Number 37-2017-00020994-CU-OE-CTL ("the Consolidated Action") on June 13, 2018. Finley Dec., ¶¶ 11-12. Under California law, service of the Amended Consolidated State Complaint was deemed effected on July 1, 2018. See Code Civ. Proc., § 1013(a). A copy of Defendant Diakon Logistics' Proof of Service is attached hereto as Exhibit 6. Finley Dec. ¶ 11.

7. The Amended / Consolidated Class Action Complaint purports to assert twelve causes of action including: (1) misclassification of an employee; (2) failure to pay required wages; (3) failure to pay overtime premium pay; (4) failure to pay meal period premium pay; (5) failure to pay rest break premium pay; (6) failure to provide wages upon termination or discharge; (7) California record-keeping provisions; (8) unauthorized deductions; (9) failure to reimburse business expenses; (10) violations of California's unfair competition laws; (11) conversion; and (12) violation of the Private Attorneys General Act. The "Diakon class" was defined as "All current and former drivers and helpers who performed delivery and related services for Diakon in California." The "Jerome's class" was defined as "All current and former drivers and helpers who performed delivery and related services for Jerome's in California." A copy of the Amended / Consolidated Class Action Complaint is attached hereto as Exhibit 7. Finley Dec., ¶ 12.

8. Plaintiffs seek compensatory damages, civil penalties, liquidated damages, waiting-time penalties, disgorgement, restitution, punitive damages, injunctive relief, pre-judgment interest, and attorneys' fees and costs. See Exhibit 7.

///
///
///
///

# I.

# JURISDICTION UNDER 28 U.S.C. SECTION 1332 (d)(2)

A.  **Citizenship of the Parties**

9.  District courts shall have original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" pursuant to 28 U.S.C. section 1332 (d) and removable pursuant to 28 U.S.C. sections 1441 (a) and (b).

10.  Plaintiffs allege that they are citizens of the state of California. See Exhibit 7, ¶¶ 2-4. Therefore, the three named Plaintiffs in the case are citizens of California.

11.  Plaintiffs' naming of unidentified "Doe" defendants is irrelevant to removability. See 28 U.S.C. section 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (holding that naming Doe defendants cannot defeat diversity jurisdiction).

12.  Plaintiffs allege that Defendant Jerome's Furniture Warehouse, Inc. ("Jerome's") is a corporation formed in California. See Exhibit 7, ¶ 6. Attached hereto as Exhibit 8 is a copy of Jerome's corporate information from the California Secretary of State Business Search. Finley Dec., ¶ 13. Jerome's principal place of business is also in California. Finley Dec., ¶ 13. Therefore, Jerome's is a citizen of California.

13.  Plaintiffs allege that Defendant Diakon Logistics (Delaware) Inc. ("Diakon Logistics") is a corporation formed in Delaware. See Exhibit 7, ¶ 5; Exhibits 9 and 10; and Declaration of Douglas Turner ("Turner Dec."), ¶ 2. Diakon Logistics' principal place of business is at its headquarters in Virginia. Turner Dec., ¶ 2; Exhibits 9 and 10. Attached hereto as Exhibit 9 is a copy of Diakon

Logistics' corporate information from the California Secretary of State Business Search. Finley Dec., ¶ 14. Attached hereto as Exhibit 10 is a copy of Diakon Logistic's corporate information from Delaware. Finley Dec., ¶ 15. Accordingly, Diakon Logistics is not a citizen of California.

14. In light of the foregoing, Diakon Logistics has established that the matter meets the minimal diversity requirements of 28 U.S.C. section 1332(d)(2)(A). Finley Dec., ¶ 17.

**B.  Case is a Class Action**

15. This case is a class action within the meaning of 28 USC sections 1332(d)(1)(b), 1332(d)(2), and 1453. Those statutes provide that a class action filed either under Rule 23 of the Federal Rules of Civil Procedure or a similar state statute or rules that authorizes one or more representative persons to maintain a class action. 28 U.S.C. §§ 1332(d)(1)(b) and 1453. In this case, Plaintiffs' Amended / Consolidated Class Action Complaint expressly states that "Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to California Code of Civil Procedure section 382, which authorizes representative actions. See Exhibit 7, ¶ 16.

**C.  Number of Class Members Exceeds 100**

16. In the initial complaint, Plaintiff claimed that there were "greater than 100 individuals." Exhibit 1, ¶ 18. The First State Action limited the class to persons who worked as deliverer-drivers and helpers for Jerome's locations in California. Exhibit 1, ¶ 17.

17. The Amended / Consolidated Class Action Complaint alleges that "Defendants engaged hundreds or even thousands of persons and corporations to act as Delivery Drivers and/or Helpers." Exhibit 7, ¶ 24. The Amended / Consolidated Class Action Complaint expands the class significantly to include "[a]ll current and former Drivers and Helpers who performed delivery and related services for Diakon in California" and "[a]ll current and former Drivers and

Helpers who performed delivery and related services for Jerome's in California." Exhibit 7, ¶¶ 17-18.

18.  Diakon Logistics is a logistics company that contracts with third-party companies to provide delivery services. Turner Dec., ¶ 3. Jerome's is one of Diakon Logistics' clients in California. Turner Dec., ¶ 3. Based on the expanded definition of the class in the Amended / Consolidated Class Action Complaint, Diakon Logistics investigated potential membership of the expanded class. Turner Dec., ¶ 5. Based on Diakon Logistics' internal investigation, there are approximately 224 individuals who performed driving duties for Diakon Logistics' clients in California during the class period. Turner Dec., ¶ 6.

19.  Diakon is informed and believes that deliveries were typically performed by delivery teams of at least one driver and helper. Turner Dec., ¶ 4. It typically takes at least two people to deliver furniture items like couches, entertainment centers, and dining room tables. Turner Dec., ¶ 4. Assuming there are an equal number of helpers as drivers, then there would be an additional 224 individuals in the class during the class period. Turner Dec., ¶ 7.

**D.   Amount in Controversy**

20.  The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of Defendants' liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

21.  It was not "facially apparent" that there was more than $5,000,000 in controversy based on the First State Action. The class in the First State Action was limited to persons who worked as driver-deliverers and helpers at Jerome's warehouse locations in California.

22.  Although Plaintiff's Amended / Consolidated Class Action Complaint does not specify the amount of compensatory damages that Plaintiffs are seeking, given the approximate number of drivers in the class, it is "facially apparent" from the Amended / Consolidated Class Action Complaint that the amount in

controversy "more likely than not" exceeds the jurisdictional minimum. See *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404; *Abrego v. Dow Chem. Co.* (9th Cir. 2006) 443 F.3d 676, 683. For example, Plaintiffs' first cause of action seeks penalties for the misclassification of an employee pursuant to Labor Code section 226.8. Exhibit 7, ¶¶ 50-53. If the alleged employer "has engaged in or is engaged in a pattern or practice of these violations," then Labor Code section 226.8(c) provides a civil penalty up to $25,000 for each individual who should have been classified as an employee instead of an independent contractor. Labor Code, § 226.8(c). In this case, because there are at least 224 drivers in the class, these penalties could be up to a total of $5,600,000.[1] This does not include any helpers who are also included in the class as plead by Plaintiffs, and this is only the first cause of action. Assuming there are an equal number of helpers as drivers, then there would be an additional 224 individuals in the class, and the amount in controversy could increase by another $5,600,000.[2] As a result, the amount in controversy for the first cause of action alone is **$11,200,000**.

23.  Plaintiffs also seek compensation for all hours worked, including non-productive pay. Plaintiffs have not provided any facts that establish how many hours the named Plaintiffs or any other class members worked. See Exhibit 7, ¶¶ 54-57. However, these alleged damages would increase the total amount in controversy.

24.  Plaintiffs third cause of action seeks overtime pay for more than eight hours worked in a day and more than forty hours worked in a week at a rate of 1.5 times the regular rate of pay. Plaintiffs have not provided any facts that establish how many overtime hours the named Plaintiffs or any other class members worked,

---

[1]   $25,000 x 224 drivers = $5,600,000.

[2]   $25,000 x 224 helpers = $5,600,000.

but this unpaid overtime increases the total amount in controversy. See Exhibit 7, ¶¶ 58-62.

25. Plaintiffs also seek meal period premium pay in the amount of one hour of wages per violation per employee. Plaintiffs have not provided any facts that establish how many meal periods were not provided to the named Plaintiffs or any other class members. See Exhibit 7, ¶¶ 63-67. Nevertheless, these allegations would increase the total amount in controversy.

26. Plaintiffs also seek rest period premium pay in the amount of one hour of wages per violation per employee. Plaintiffs have not provided any facts that establish how many rest breaks were not provided to the named Plaintiffs or any other class members, but allegations of rest period premium pay would increase the total amount in controversy. See Exhibit 7, ¶¶ 68-71.

27. Plaintiffs also seek waiting time penalties in its sixth cause of action pursuant to Labor Code section 203. See Exhibit 7, ¶¶ 72-76. Waiting time penalties are up to 30 days of pay per class member. Labor Code, § 203. Assuming drivers earned the lowest state minimum wage during the class period and worked eight hours a day, this increases the amount in controversy by at least $430,080.[3] Again, this does not include any helpers and would increase if any class members earned more than $8 an hour at the time of their discharge. Assuming there are an equal number of helpers as drivers, then there would be an additional 224 individuals in the class, and the amount in controversy could increase by another $430,080.[4] As a result, the amount in controversy for the second cause of action is **$860,160**.

28. Plaintiffs seek injunctive relief and damages for allegedly failing to keep accurate wage statements pursuant to California Labor Code sections 226,

---

[3] $8 x 8 hours x 30 days x 224 drivers = $430,080.

[4] $8 x 8 hours x 30 days x 224 helpers = $430,080.

8

226.2, 1174, and 1174.5. See Exhibit 7, ¶¶ 77-80. These allegations increase the amount in controversy.

29. Plaintiffs allege Defendants deducted pay from their wages in violation of California Labor Code sections 221 and 224 in their eighth cause of action. See Exhibit 7, ¶¶ 81-85. Plaintiffs have not provided any facts that establish how much pay was allegedly deducted from the named Plaintiffs' pay or from any other class members' pay, but these allegations increase the total amount in controversy.

30. Plaintiffs allege in their ninth cause of action that Defendants failed to reimburse employees for business expenses as required by Labor Code section 2802. See Exhibit 7, ¶¶ 86-90. Plaintiffs have not provided any facts that establish the amount of business expenses incurred by the named Plaintiffs or any other class members, but these allegations increase the total amount in controversy.

31. Plaintiffs seek injunctive relief and attorneys' fees for alleged violations of California's Unfair Competition Law for eight alleged unlawful, unfair, deceptive, or fraudulent practices in their tenth cause of action. See Exhibit 7, ¶¶ 91-102. This also increases the amount in controversy.

32. Plaintiffs seek compensatory and punitive damages for their conversion cause of action, which increases the amount in controversy. See Exhibit 7, ¶¶ 103-109.

33. Plaintiffs also allege a representative claim for civil penalties pursuant to the Private Attorneys General Act ("PAGA") in their twelfth cause of action. See Exhibit 7, ¶¶ 110-113. The aggregation of PAGA penalties would also increase the amount in controversy. See *Stafford v. Brinks Inc.*, 2014 U.S. Dist. LEXIS 184700, 2014 WL 10320456 (C.D. Cal. May 28, 2014). However, regardless of whether civil PAGA penalties are aggregated for purposes of this notice, there is in excess of $5,000,000 in controversy based on other causes of action.

///

///

34. Plaintiffs seek attorneys' fees for at least ten causes of action. See Exhibit 7, ¶¶ 53, 57, 62, 67, 71, 76, 85, 90, 102, and 113. These potential fees should also be considered in determining the amount in controversy.

35. There is more than **$12,060,160** in controversy based on only two of Plaintiffs' twelve causes of action. As a result, the amount in controversy exceeds the $5,000,000 jurisdictional requirement.

### E. Consent of Co-Defendant Jerome's

36. The only other named Defendant served in this matter is Jerome's. Jerome's consents to removal of this action to federal court. Finley Dec., ¶ 18. However, any defendant may remove a class action on federal diversity grounds without the consent of all defendants pursuant to 28 U.S.C. section 1453(b).

### F. Timeliness of Removal

37. Removal of this action is timely pursuant to 28 U.S.C. section 1446(b)(3) because this Notice of Removal is filed within 30 days after receiving another "paper from which it may first be ascertained that the case is one which is or has become removable." To wit, Plaintiffs' Amended / Consolidated Class Action Complaint. See Exhibits 1, 5, 6; *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (9th Cir. 2013) (holding that defendants are not charged with notice of removability absent the receipt of a paper that gives them enough information to remove).

38. The Amended / Consolidated Complaint Class Action Complaint consolidated two class action cases and significantly expanded the class by expanding the definition of the class to include more individuals and asserting three additional causes of action, which increased the amount in controversy. Compare Exhibit 1 with Exhibit 7. The Amended / Consolidated Class Action Complaint was served on Diakon Logistics via U.S. mail on June 26, 2018. Finley Dec., ¶ 11. Diakon Logistics timely removed this case less than thirty days after service of the Amended / Consolidated Class Action Complaint.

39.     To the extent Plaintiffs assert that Diakon Logistics' removal is untimely because it is filed more than one year after the First State matter was filed, Diakon Logistics contends that the one year limitation shall not apply to class actions removed in accordance with 28 U.S.C. section 1446. 28 U.S.C. § 1453(b). In the alternative, Diakon Logistics contends that Plaintiffs delayed filing their Amended / Consolidated Complaint in bad faith in order to prevent a defendant from removing an action. 28 U.S.C. § 1146(c)(1). Here, the state court judge ordered Plaintiffs to file their Amended / Consolidated Class Action Complaint no later than May 4, 2018, but they waited to file their Amended / Consolidated Class Action Complaint until June 13, 2018 (one year and one day after the initial State Action complaint was filed). See Exhibits 4, 5, 6, and 7.

40.     Written notice of the filing of this Notice of Removal will be promptly served on Plaintiffs. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego as soon as practicable.

WHEREFORE, Defendant requests that the above-entitled action be removed from the Superior Court of the State of California, County of San Diego, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: July 20, 2018     By:    s/ Shannon R. Finley, Esq.
                                Thomas S. Ingrassia, Esq.
                                Ryan H. Nell, Esq.
                                Shannon R. Finley, Esq.
                                Attorneys for Defendant
                                **DIAKON LOGISTICS**
                                tingrassia@pettitkohn.com
                                rnell@pettitkohn.com
                                sfinley@pettitkohn.com

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)**

was served on this date to counsel of record:

[ ] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Joshua Pang, Esq.
GRUENBERG LAW
2155 First Avenue
San Diego, CA 92101
Tel: (619) 230-1234
Fax: (619) 230-1074
Email: jp@gruenberglaw.com
**Attorneys for Plaintiff
ADAN MORALES**

Michael S. Morrison, Esq.
ALEXANDER KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 394-0888
Fax: (310) 394-0811
Email: mmorrison@akgllp.com
**Attorneys for Plaintiff
ADAN MORALES**

Craig M. Nicholas, Esq.
Alex Tomasevic, Esq.
David G. Greco, Esq.
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
  atomasevic@nicholaslaw.org
  dgreco@nicholaslaw.org
**Attorneys for Plaintiffs
RICHARD CONTRERAS and
JUAN GONZALES**

Janice P. Brown, Esq.
Noah Woods, Esq.
BROWN LAW GROUP
600 B Street, Suite 1650
San Diego, CA 92101
Tel: (619) 330-1700
Fax: (619) 330-1701
Email: brown@brownlawgroup.com
  nwoods@brownlawgroup.com
**Attorneys for Defendant JEROME'S
FURNITURE WAREHOUSE**

Executed on **July 20, 2018**, at San Diego, California.

*Valerie Browne*
VALERIE BROWNE

2047-2282

12

NOTICE OF REMOVAL OF ACTION
CASE NO.